Michael John WEEKS, a minor, by and through his father and next friend, M. M. Weeks, and M. M. Weeks, Appellants,

v.

WEDGEWOOD VILLAGE, INC., an Oklahoma Corporation whose authority to do business in Oklahoma was suspended at all times material to this action but which has now been reinstated, et al., Appellees.

Nos. 47624 and 47625.

Supreme Court of Oklahoma.

June 1, 1976.

Rehearing Denied Sept. 21, 1976.

Jack B. Sellers, Sapulpa, for appellants.

Robert K. Ball, and Barton J. Johnson, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellees.

HODGES, Vice Chief Justice.

Michael John Weeks, a minor, by and through his father and next friend, M. M. Weeks, and M. M. Weeks, individually, appellants, filed petitions to recover damages against the appellees, Diana Hogue and Cindy Ball, for injuries Michael John Weeks sustained when he dived into the unmarked shallow end of the swimming pool at Wedgewood Village Amusement Park. After consideration of the motions for summary judgment based on the affidavits and depositions filed in the case, the court sustained the motions in compliance

with 12 O.S.1971, Ch. 2, App. Rule 13.[1] Appellants appeal the order.

It is asserted on appeal that appellants have been denied due process and equal protection of the laws since no notice of the hearing at which the motions were sustained was given to appellants, the court acted in the absence of appellants, and because the court reporter did not transcribe the proceedings as required by the Oklahoma statutes.[2]

After the case was at issue and considerable discovery made by appellants' attorney, the case was set for trial on April 2, 1974. On April 2 it was announced in open court that appellants had settled a portion of the lawsuit for $100,000.00 against Wedgewood Village, Inc., and their management defendants, Maurice G. Woods, Theresa J. Woods, Henry F. Featherly, and Nora Wells. This left remaining the actions pending against Diana Hogue and Cindy Ball, appellees. It was also announced in open court at the same time that appellee would move for summary judgment. The case did not proceed to trial and was stricken from the trial docket. Motions for summary judgment were thereafter timely filed on April 4, 1974, with supporting brief and depositions on behalf of Diana Hogue, and shortly thereafter for Cindy Ball.

Copies of the motions for summary judgment and brief attached thereto were forwarded to appellants' attorneys the 4th day of April, 1974. On April 16, 1974, at-

1. The Rule concerning summary judgment, 12 O.S.1971, Ch. 2, App.Rule 13 provides:

A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the other facts or issues.

Notice shall be given to the adverse parties of the filing of a motion for judgment under this rule. The filing of such a motion shall not delay or extend the time to answer, reply or file other proceedings or papers in the case and it shall not delay the pretrial conference, the trial or other proceedings in the case. If such a motion is made after the case is at issue, the hearing on the motion and the pretrial may, in the discretion of the court, be held at one time.

2. It is provided by Oklahoma law, 20 O.S. 1971 § 106.4(a)(b):

(a) The court reporter shall make a full reporting by means of stenographic hand, steno-mask or machine notes, or a combination thereof, of all proceedings, including the statements of counsel and the court and the evidence, in trials and other judicial proceedings to which he is assigned by the appointing judge unless excused by the judge who is trying the case with the consent of the parties to the action. Nothing herein contained shall be construed to authorize the certification or licensing of persons as certified or licensed shorthand reporters who rely exclusively upon the steno-mask for reporting judicial proceedings, except as provided by law. A refusal of the court to permit or to require any statement to be taken down by the court reporter or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, or other appellate court, shall constitute a denial of due process of law. The court reporter may use an electronic instrument as a supplementary device. In any trial, hearing or proceedings, the judge before whom the matter is being heard may, unless objection is made by a party or counsel, order the proceedings electronically recorded. A trial or proceedings may proceed without the necessity of a court reporter being present, unless there is objection by a party or counsel. Provided that if an official transcript is ordered then it shall be prepared by the official court reporter.

(b) Upon request of either party in a civil or criminal case the reporter shall transcribe the proceedings in a trial or other judicial proceeding, or so much thereof as may be requested by the party, certify to the correctness of the transcript, and deliver the same to the party requesting it . . . .

torney for appellants wrote the district judge, with copies to appellees' attorneys, advising he had received notice of the hearing for summary judgment set April 19, 1974, at 9:30 A.M., and requested that the case be set over to April 26, 1974, at 9:30 A.M., in view of conflicts in his schedule.

On April 19, 1974, appellants' attorney was notified by appellees' attorney that appearances had been made April 19 on the docket of Judge Smith for hearing on the motion for summary judgment—the mail with appellants' attorney's letter of April 16 not yet having arrived—but the court had checked and found that appellants' attorney was otherwise engaged in trial and, therefore, passed the case to May 3, 1974, for hearing on the motions. Also, at the direction of the court, appellees' attorney advised appellants' attorney as follows:

> "The Judge also indicated that you had not filed a Response and further indicated that if there was some question of fact upon which you are relying that this should be given to the court for his consideration in the proper form before then."

A copy of the letter was furnished to the court.

Appellants' attorney acknowledged receipt of the notice of the hearing being set over to May 3 by letter to the Judge April 22, 1974, and again asked that the case be continued from May 3 to a later date. The court acknowledged appellants' attorney's letter April 25, 1974, stating there would be a hearing set for May 17 to accommodate appellants' attorney's conflict, but with the following admonition:

> "I will expect a response to the motions to be filed prior to that date along with affidavits, interrogatories, depositions, etc., attached which on behalf of the plaintiff raises a question of fact."

In addition to that notice, May 3, 1974, the original attorney for the defendant, Wedgewood Village, Inc., who had previously settled with appellants' attorney, advised appellants' attorney and appellees' attorneys that he was withdrawing as attorney of record, and further advised and confirmed that the court anticipated all other attorneys to appear at the regular motion docket on May 17, 1974, for hearing the motions for summary judgment. The hearing was passed from May 17 to May 31, 1974. Appellants' attorney did not appear on either date, nor did he furnish the court with the responses requested on two different occasions, i.e., April 19 and April 25.

■ We believe appellants' attorney had adequate notice of the hearing. He did not appear at the scheduled May 17 hearing, nor did he comply with the court's request for documentation of evidence to establish a question of fact on behalf of appellants. The May 17 hearing was set to accommodate appellants' attorney at his request. He was thereafter charged with notice and diligence to ascertain the time of the next hearing.

Although appellant asserts a per se denial of due process based on the fact that there was no court reporter or record made of an alleged proceeding held on May 31 in his absence, there were no proceedings held, except appearances, and when the appellants' attorney failed to appear, no further evidence was taken. The court clearly states in its judgment and order:

> ". . . It was further noted by the court that Jack Sellers had not complied with the Court's letter of April 25, 1974, requiring plaintiffs' attorney to respond to the motions for summary judgment on any matters which plaintiff considered to raise a question of fact."

> "The court therefore considered the motions for summary judgment, the affidavits and depositions filed in said cause, and there being no genuine issues of fact presented, plaintiffs' counsel not complying with the court's instructions of April 25, 1974, and plaintiffs' counsel not appearing to offer any argument, this

court finds that the motions for summary judgment of Diana Hogue and Cindy Ball should be sustained."

■ The Oklahoma Court of Criminal Appeals addressed itself to this question in *Higgins v. State*, 506 P.2d 575, 578 (Okl. Cr.1973) in which it determined 20 O.S. 1971 § 106.4 did not mandate the recordation of testimony in all instances and that a statutory right may be waived either by express agreement or conduct. We find no violation of due process. The judge did not refuse to have the proceedings transcribed. There were simply no proceedings held. Appellant may not fail to comply with the order of the court, not attend the scheduled proceedings or fail to request that the proceedings be transcribed and then allege denial of due process.

■ Appellants also assert it was error for the court to sustain the motions for summary judgment. There is no inference that there was any further testimony introduced or facts submitted, other than those which had been in the possession of appellants' attorney since April 4, 1974. Appellants had been instructed on two occasions to prepare a response and submit it to the court for consideration. A party cannot rely on his own pleadings in opposition to affidavits and depositions supporting a motion for summary judgment.[3] The mere assertion in a pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of an affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleadings. He cannot withhold this showing until the time of trial.[4]

■ The responses were not filed nor were any affidavits or other materials filed in opposition to the motion as authorized by Rule 13.[5] Neither was it alleged that evidence to support appellants' allegations would be available at the time of trial. The ruling on motions for summary judgment is to be made on the record the parties have actually presented and not on a record which is potentially possible.[6] Summary judgment should be granted where facts set forth in detail in affidavits, depositions, admissions on file, and other competent extraneous materials show there is no substantial controversy as to any material fact.[7] The mere denial in a pleading, repeated in an affidavit unsupported by any proof is not sufficient to require the credibility of the opposing party to be determined on trial. Motions for summary judgment do not admit all the well-pleaded facts in a petition. Although the allegations of the pleadings standing alone may raise an issue of material fact, summary judgment is not to be denied if other documentation pertinent to the motions palpably show the absence of such an issue. Rule 13 is intended to permit a par-

3. *Joslin v. Marin Municipal Water Dist.*, 67 Cal.2d 132, 60 Cal.Rptr. 377, 429 P.2d 889, 899 (1967).

4. *Colby v. Bank of Douglas*, 91 Ariz. 85, 370 P.2d 56, 57 (1962). In *New Jersey Mortgage & Investment Corp. v. Calvetti*, 68 N.J. Super. 18, 171 A.2d 321, 328 (N.J.App.1961) the court said: " . . . [M]ere sworn assertions of ultimate fact supposedly based on information and belief, without revelation of the source of the information or any material basis for the belief, and without any supporting affidavits of persons having actual knowledge of the facts will not effectively blockade the issuance of summary judgment."

5. See note 1, supra.

6. *Northrip v. Montgomery Ward*, 529 P.2d 489, 494 (Okl.1974).

7. In *Perry v. Green*, 468 P.2d 483, 489 (Okl. 1970), this court said:
   " . . . A motion for summary judgment . . . should be denied if the facts concerning any issue raised by the pleadings, as set forth in the depositions, admissions, answers to interrogatories, and affidavits on file in the case when such motion is filed, and as set forth in affidavits thereafter filed in opposition to such motion and meeting the requirements of said Rule 13, are conflicting, or if reasonable men, in the exercise of a fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments."

ty to pierce the allegations of the pleadings to show that the facts are otherwise than as alleged.[8]

If the defendant introduces evidence which indicates there is no substantial controversy as to a fact material to plaintiff's cause of action, and this fact is in the defendant's favor, the plaintiff has the burden of showing that evidence is available which would justify trial of the issue.[9]

The depositions before the trial court clearly showed that the management of the swimming pool and accommodations were under the supervision and direction of Wedgewood Village, Inc. The appellees were college students who had been hired as lifeguards during the summer months. The testimony revealed Diana Hogue was not present or on duty at the time of the alleged incident and had been told by the management not to report for duty. Cindy Ball was apparently not present or at least after extensive questioning by appellants' attorney was not located at the scene of the accident during the incident by the testimony of depositions taken. No evidence was presented to sustain the allegation appellees breached any duty. The only assertion of negligence of appellees is contained in the petition of appellants. Pleadings alone are insufficient to present an issue of fact requiring the cause to be tried. In order to refute a motion for sum-

mary judgment there must be more than bare allegations in the petition. Appellants failed to respond to the motion for summary judgment or to present any proof in the form of affidavits, interrogatories or depositions to support the finding that there was a dispute as to a material question of fact or that evidence to support appellants' assertions would be available at the time of trial.

Affirmed.

All Justices concur.

---

8. *Sokalay v. Edlin,* 65 N.J.Super. 112, 167 A.2d 211, 215 (N.J.App.1961).

9. *Lewis v. Crystal Gas Co.,* 532 P.2d 431, 434 (Okl.1975).

In *First Federal Savings & Loan Ass'n. of Philadelphia v. Damnco Corp.,* 310 A.2d 880 (Del.Super.1973) and *Coro, Inc. v. R. N. Koch, Inc.,* 112 R.I. 371, 310 A.2d 662 (1973), the courts held in order to qualify for consideration under the motion for summary judgment, affidavits must set forth such facts as would be admissible in evidence rather than allege mere conclusory statements.

This court in *Runyon v. Reid,* 510 P.2d 943, 946, 58 A.L.R.3d 814 (Okl.1973), supra, quoted with favor from *Aktiengesellschaft Der*

*Harlander, etc. v. Lawrence Walker Cotton,* 60 N.M. 154, 288 P.2d 691, 697 (1955):
"* * * the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law but * * * when he has made a prima facie showing to this effect the opposing party cannot defeat a motion for summary judgment and require a trial by a bare contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue.
"When on the basis of established facts, the plaintiff is entitled to summary judgment as a matter of law, the defendant contending and arguing that there is a genuine issue of material fact cannot and will not make it so."