The **FEDERAL LAND BANK OF WICHITA**, a corporation, Appellee,

v.

**W.A. MUSGROVE** and Nadean **Musgrove, Appellants,**

v.

The **FEDERAL LAND BANK OF WICHITA**, and Federal Land Bank Association of Durant, Appellees.

No. 71567.

Court of Appeals of Oklahoma, Division No. 4.

July 24, 1990.

Richard C. Lerblance, Hartshorne, for appellants.

Anton J. Rupert, Crowe & Dunlevy, Oklahoma City, for appellee Federal Land Bank.

REIF, Judge.

This appeal arises from two cases consolidated by the trial court because they involved claims stemming from loan transactions between the Federal Land Bank of Wichita and W.A. Musgrove and Nadean Musgrove. The first of these cases was filed by the Land Bank to collect two notes and to foreclose the mortgages given to secure the loans. The Musgroves generally denied that the Land Bank was entitled

to recover on the notes and mortgages and later filed a *separate* action against both the Land Bank and a local affiliate in Durant. The Musgroves sought recovery for (1) detrimental financial and business advice and negligent loan decisions; (2) lack of good faith and fair dealing by the Land Bank in extending their indebtedness to increase compensation to bank officials; (3) illegal interest rates; and, (4) negligence in formulating interest rates which resulted in an excessive rate of interest.

The Land Bank filed a motion for summary judgment with a supporting affidavit in its collection and foreclosure suit. The Musgroves filed a response without evidentiary support alleging that there was a controversy concerning the amount of indebtedness and their tender of payments to cure the default. It is unclear whether the trial court ruled on this motion, but the Land Bank later filed another motion for summary judgment with evidentiary support as to *all* claims in *both* cases. The Musgroves filed an objection to this motion and requested a continuance "to permit affidavits or depositions of [a named witness] to be taken in order to provide the factual basis to justify the affirmative defenses and counterclaims." Affidavits filed with the objection conceded that the Musgroves could not then "present facts essential to justify [their] opposition to Federal Land Bank's Motion for Summary Judgment," but also stated that a named witness "has information that is being gathered that can be produced by affidavit or depositions which will prove [our] affirmative defenses and counterclaims." [1]

At the hearing on the motion for summary judgment on all "claims" in both cases, counsel for the Musgroves argued that there was a substantial issue concerning the exact amount due and owing, and urged that the Musgroves be given an opportunity to "give to the Court their payments." Counsel indicated that based on the Land Bank's records and the Musgroves' records it was "hard for them to come up with the figures that the Land Bank has come up with." However, no payment receipts, records, or even a total amount were presented to the court. Musgroves' counsel conceded that they had no evidence to support their claims, but further advised the court that a continuance would allow them to offer evidence from a farm expert as well as to depose the president of the Land Bank "to get the policies that they go by." Counsel stated it was his "understanding" that deposing the Land Bank's president would yield necessary information of illegal interest rates, violations of the Farm Credit Act, and negligence by the Land Bank in its dealings with the Musgroves. Again, *no specific factual matters* were presented with respect to *any* claim of the Musgroves.

The trial court denied Musgroves' request for a continuance and granted the Land Bank's motion for summary judgment. The journal entry states:

> [Land Bank] has presented the affidavit of Joe Geisler verifying that the amount due on the May 3, 1977 note is $163,341.62 as of June 1, 1988 with further interest at the note rate from June 1, 1988 until paid; and that the amount due on the March 3, 1978 note is $407,794.89 as of June 1, 1988, together with further interest at the note rate until paid.

> The Musgroves have presented no evidence of any sort to support any of their affirmative defenses or their claims, whether they be denominated counterclaims in [the collection/foreclosure case] or separate claims in [Musgroves' suit]. The Court finds that given that this case was filed in 1985 and the independent claims ... were filed in 1986 and have been on file for more than two years, and that the motion for summary judgment had been on file for over 5 weeks at the time of the July 19, 1988 hearing, there is no just cause for further delay. More-

---

1. In bringing this appeal, the Musgroves did not designate the entire record in either case, but rather only certain portions. It appears that at some point, in conjunction with consolidation, certain "claims" that the Musgroves asserted against the Land Bank were also regarded as "affirmative defenses."

over, the Court adopts the authorities cited in [Land Bank's] brief that support the conclusion that the Musgroves' affirmative defenses or counterclaims or independent claims are unsupported by the law.

The *sole* assignment of error set forth in the Musgroves' petition in error urged that the trial court erred in sustaining the Land Bank's motion for summary judgment and abused its discretion in adopting the Land Bank's authorities to support the finding that the Musgroves had no cause of action either for negligent lending or for violation of the covenant of good faith and fair dealing. In their brief in chief, the Musgroves have endeavored to expand the issues to include propositions of error concerning excessive or illegal interest and failure to restructure the loans. However, this court will address only the first proposition concerning the propriety of the summary judgment and the legal sufficiency of the Musgroves' affirmative defenses and counterclaims, because "error argued in the briefs, but not set forth in the petition in error, will not be considered on appeal." *Barber v. Flynn*, 628 P.2d 1151, 1153 (Okla.1980) (per curiam).

■ At the outset, we find no error in the trial court's denial of the Musgroves' request for a continuance. District Court Rule 13(d), 12 O.S.Supp.1989, ch. 2, App., which allows for a continuance to a party opposing a motion for summary judgment, expressly provides that the trial court "may" grant the continuance for "reasons stated" by the party seeking the continuance. This is not substantially different than the authority given by 12 O.S.1981 § 667, which provides that "[t]he court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just." It is well settled that granting or refusing a continuance under section 667 is discretionary with the trial judge and unless it clearly appears from the record that such discretion has been abused, an appellate court will refuse to find reversible error. *Austin Bridge*

*Co. v. Christian*, 446 P.2d 46 (Okla.1968) (syllabus 1).

■ A party urging more time to prepare as grounds for a continuance must produce evidence of his due diligence in the time that was already allotted. *Oklahoma Gas and Electric Co. v. Chez*, 527 P.2d 165 (Okla.1974). Additionally, it is not error to deny a continuance in order to afford time to controvert adverse evidence, when the record reflects there was a fair opportunity to controvert and there was no explanation of the nature of the evidence expected to be adduced if the continuance was granted. *See Matter of N.L.*, 754 P.2d 863, 869 (Okla.1988). The Musgroves failed to meet their burden to justify the continuance.

■ Appellate courts are to judge the propriety of a summary judgment on the basis of "the record the parties have actually presented and not on a record which is potentially possible." *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780, 784 (Okla. 1976) (footnote omitted). Where a moving party offers evidentiary materials showing no substantial controversy as to a material fact bearing on either party's right of recovery, and such fact is in the moving party's favor, the opposing party has the burden of showing that evidence is available to justify the trial of the issue. *Id.* at 785. The court in *Loper v. Austin*, 596 P.2d 544, 546 (Okla.1979), upheld a summary judgment where the appellants failed to produce "a single piece of evidentiary material to support [a factual controversy]." The court expressly held that "[m]ere contention that facts exist or might exist is not sufficient to withstand summary judgment." *Id.* (citation omitted). The Musgroves failed in their burden on the merits of the summary judgment.

■ With regard to the correctness of the trial court's legal conclusion that the "affirmative defenses" and "counterclaims" of the Musgroves were unsupported by law, we likewise find no error. The appellate courts in Minnesota have recently decided controversies similar to the

instant case and have rejected defenses and counterclaims substantially the same as those advanced by the Musgroves. *See Bevier v. Production Credit Association,* 429 N.W.2d 287 (Minn.Ct.App.1988); *Ebenhoh v. Production Credit Association,* 426 N.W.2d 490 (Minn.Ct.App.1988). The rationale of these cases is sound and we embrace it in affirming the summary judgment.

AFFIRMED.

BRIGHTMIRE, C.J., and STUBBLEFIELD, J., concur.