2006 OK CIV APP 64

**EVERHOME MORTGAGE COMPANY,[1] Plaintiff/Appellee,**

v.

**Dick ROBEY and Jeronia Kay Robey, Husband and Wife, Defendants/Appellants,**

and

**Commonwealth Mortgage Company of America, L.P., Defendant.**

**No. 102,158.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 29, 2006.

Certiorari Denied May 15, 2006.

---

1. Although this appeal was originally filed naming Regions Mortgage Company as Appellee, this mistake was corrected in an Amended Petition.

Lawrence A.G. Johnson, Tulsa, OK, for Appellants.

Teresa W. Marianos, Shapiro, Marianos & Cejda, L.L.P., Oklahoma City, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶ 1 Defendants/Appellants Dick Robey and Jeronia Kay Robey (Individually referred to or jointly as Appellants) seek review of the trial court's granting of summary judgment, a decree of foreclosure and an assessment of attorney fees in favor of Plaintiff/Appellee Everhome Mortgage Company (Everhome). Appellants contend Appellee lacks standing and that material facts in dispute preclude summary judgment. Upon a review of the record, we affirm.

¶ 2 In November 1987, the owners of the property in issue located on 89th Place South, Lot 10, Block 34 of the Chimney Hills South Addition in Tulsa, Oklahoma executed a promissory note and mortgage in favor of Commonwealth Mortgage Company of America, L.P. (Commonwealth). In 1991, as recorded by the County Clerk of Tulsa County, Commonwealth assigned the "mortgage together with the note" to Mondrian Mortgage Corporation (Mondrian). In 1993, Appellants purchased the property and agreed to assume the mortgage.

¶ 3 In 2000, Mondrian assigned the "mortgage together with the note" to Mortgage Electronic Registration Systems, Inc. (Mortgage Electronic), as recorded in the Office of the Tulsa County Clerk. In 2001, Mortgage Electronic initiated collection efforts against Appellants and, ultimately, sued Appellants to foreclose, but dismissed the action and assigned the "mortgage ... together with the note" to Everhome in October 2004, as recorded in Tulsa County.[2]

¶ 4 In December 2004, Everhome filed the present action, alleging it held the note and mortgage. After Appellants answered, Everhome moved for summary judgment. Everhome attached an affidavit averring Appellants were indebted to it based upon the note and mortgage. Everhome's supportive evidentiary materials included an affidavit from its officer who handled Appellants' loan and the applicable note and mortgage assignments, as recorded in Tulsa County.

¶ 5 Appellants responded by contending Everhome was not the note holder and attaching Mr. Robey's affidavit averring a tender of payments, equitable grounds on which to deny summary judgment and that attorney fees should be limited by Everhome's fee arrangement with its attorneys. Appellants attached collection letters and Everhome's discovery responses in which Everhome provided a copy of the note, but stated it could not determine the custodian in actual physical possession of the original note. The court granted summary judgment to Everhome and awarded a money judgment, attorney fees and order of foreclosure.

■ ¶ 6 "An appellate court, like a trial court, scrutinizes the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact ..." *Head v. McCracken*, 2004 OK 84, ¶ 3, 102 P.3d 670, 674; Okla. Stat. tit. 12, ch. 2, app. 1, rule 13 (2001). Ultimately, we review the trial court's order granting a motion for summary judgment *de novo*. *Wathor v. Mutual Assur. Adm'rs, Inc.*, 2004 OK 2, ¶ 4, 87 P.3d 559, 561. "In such a *de novo* review the appellate court engages in a plenary, independent and non-deferential re-examination of the trial court's ruling." *Head v. McCracken, supra.*

---

2. The mortgage was assigned to Everhome Mortgage Corporation, which the trial court found     was the same entity as the Appellee Everhome Mortgage Company.

¶ 7 In Oklahoma, "... an action to foreclose a mortgage may be maintained without seeking a personal judgment ..." *Cahill v. Kilgore,* 1960 OK 88, ¶ 10, 350 P.2d 928, 931. However, Appellee sought a personal judgment and foreclosure. Nonetheless, Appellants did *not* defend the personal judgment by denying liability.

¶ 8 It is undisputed, and supported by evidentiary materials, that the mortgage and note were assigned to Appellee. Neither the validity of the assignments (recorded in Tulsa County) nor the intent to transfer all rights is disputed. *See, Gray v. Carter,* 1990 OK CIV APP 25, 13 UCC Rep.Serv.2d 273, 802 P.2d 646. The assigned documents grant the creditor the right to a money judgment and foreclosure after default, which remedies are consistent with Oklahoma law. *Associates Financial Services, Inc. v. Millsap,* 1977 OK 157, ¶ 5, 570 P.2d 323, 326. Appellants do not deny being in default. We conclude Appellee, as an assignee, is a secured party entitled to seek a money judgment and foreclosure.

¶ 9 Furthermore, a party enforcing a security interest on a loan may do so through "constructive possession," obtained through filings, and need not be in actual physical possession, as compared to one seeking to enforce a security interest on goods:

> ... It is illogical that the drafters of the UCC would give a super-priority ... in accounts receivable by possession when a security interest in accounts receivable can be perfected only by filing. In contrast, a security interest in goods can be perfected by possession, *id.* § 9–305, ....
>
> ...
>
> ... The OCC provides two methods of notice of a security interest: one is physical possession, *id.* at § 9–305, and the other is constructive possession by filing. *Id.* at § 9–302. The OCC uses the term "possession" for physical possession, *id.* at § 9–305, and the term "filing" for constructive possession. *Id.* at § 9–302.

*First Bethany Bank & Trust, N.A. v. Arvest United Bank,* 2003 OK 64, ¶ 10, ¶ 12, 50 UCC Rep.Serv.2d 1209, 77 P.3d 595, 597, 598. Thus, Appellee's constructive possession, as evidenced by the undisputed filings, of the loan/note was sufficient.

¶ 10 Appellants further contend they tendered payments which were refused. However, Appellants failed to present evidentiary materials, such as the total amount paid, payment records, or the like, to support their claim of tender of payments. *Federal Land Bank of Wichita v. Musgrove,* 1990 OK CIV APP 64, ¶ 3, 796 P.2d 641, 643. Appellants may not rely on bald allegations or await trial to produce evidentiary materials when faced with a motion for summary judgment. *Weeks v. Wedgewood Village, Inc.,* 1976 OK 72, ¶ 11, 554 P.2d 780, 784. We cannot find a genuine issue of material fact regarding tender of payments based upon the record before us.

¶ 11 Appellants contend equitable grounds preclude summary judgment. Appellants argue because default occurred in March 2001, the delay was too great to allow pursuit of this action filed in December 2004. Equitable defense, such as laches and estoppel, however, require a showing of delay and resulting prejudice, and are only applied when necessary to prevent injustice. *Sullivan v. Buckhorn Ranch Partnership,* 2005 OK 41, ¶ 32, 119 P.3d 192, 202. The record does not reveal a delay resulting in prejudice or the existence of an equitable basis on which to preclude summary judgment.

¶ 12 Appellants further contest the award of reasonable attorney fees because Appellee's attorneys allegedly worked on a flat fee basis. The mortgage provides that in the event of foreclosure, plaintiff will be paid "reasonable attorney's fees customarily charged in the area." When determining a "reasonable attorney's fee," the contractual agreement between the client and the lawyers is not binding on the court, but rather is a matter between the client and the attorney. *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 13, 977 P.2d 357, 363. We do not find error in the attorney's fees awarded by the court.

¶ 13 In conclusion, Appellee, as an assignee under the recorded filings of the Tulsa County Clerk, is a secured party who may exercise its rights under the note and mortgage.

Those rights include the collection of a money judgment and obtaining an order of foreclosure. Because no genuine issue of material fact exists, summary judgment was proper and is, therefore, AFFIRMED.

BELL, P.J., and HANSEN, J., concur.