2012 OK 54

**WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2005–4 Asset–Backed Certificates, Series 2005–4, Plaintiff/Appellee,**

v.

**Robert HEATH and Shelly Heath, Defendants/Appellants.**

**No. 108,383.**

Supreme Court of Oklahoma.

June 12, 2012.

A. Grant Schwabe, Kivell, Rayment & Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

Phillip A. Taylor, Taylor & Associates, Broken Arrow, Oklahoma, for Defendants/Appellants.

COMBS, J.

¶ 1 On August 11, 2005, Robert Heath, executed a promissory note in favor of Option One Mortgage Corporation (Option One) which was secured by a mortgage executed the same day by Robert Heath and his wife Shelly Heath (Appellants). Default on the note is alleged to have occurred in September 2008. The Plaintiff/Appellee, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2005-4 Asset Backed Certificates, Series 2005-4 (Appellee), filed its petition to foreclose on December 22, 2008. Attached to the Petition is a copy of the note, mortgage and assignment of the mortgage. The note contains neither an indorsement nor an attached allonge. The assignment of mortgage was made by Option One Mortgage Corporation to Appellee and is dated February 28, 2008. It does not purport to transfer the note. The Appellants, then represented by Ron Brown, filed an answer on February 3, 2009, generally denying all allegations.

¶ 2 Appellee filed a motion for summary judgment and Appellant did not respond. A final journal entry of judgment was filed on June 16, 2009, granting Appellee a judgment in rem and in personam against Appellants. The property was sold at sheriff's sale on July 28, 2009, and a motion to confirm the sale was filed the same day.[1] The hearing for the motion to confirm was set for August 18, 2009. A day before the hearing, Appellants filed an Advice of Bankruptcy. Appellants were later discharged from bankruptcy and appellee filed a "Notice of Alias Hearing Motion to Confirm Sale" on January 26, 2010. The hearing was set for February 16, 2010.

¶ 3 On February 12, 2010, Appellant's new counsel, Phillip A. Taylor, filed a petition and motion to vacate the June 12, 2009, journal entry of judgment and a motion to suspend all execution proceedings. Appellants also requested alternatively for leave to file an application to assume original jurisdiction and petition for writ of prohibition. Appellee answered and argued it was the holder of the note and mortgage pursuant to an assignment filed of record with the county clerk. Appellee cites *Everhome Mortgage Company v. Dick Robey et al.*, 2006 OK CIV APP 64, 136 P.3d 1066, for the purpose of showing constructive possession of a note can be es-

---

1. It appears from the docket that the property sold to REO Dispositions. On May 24, 2010, the trial court issued an Order granting a refund to REO Dispositions.

tablished by an assignment of the note. Appellee further argued Appellants' personal liability had been discharged in the bankruptcy and Appellants had surrendered the property to the lien holder and thus have no interest in the property.

¶4 A hearing was held on April 13, 2010, wherein the court denied the petition and motion to vacate. According to the transcript of the record, Appellee's counsel presented the original note at the hearing with an undated allonge attached. The allonge was made by "Option One Mortgage Corporation, A California Corporation" and signed by Amber Satterfield, Assistant Secretary. It was a blank indorsement made "[p]ay to the order of."[2] At the hearing, Appellee's counsel states an allonge can be executed at any time, even at the hearing.

¶5 The trial court also issued an order on May 5, 2010, denying Appellants' motion for order suspending execution proceedings but granted Appellants request for leave of court to file a writ of prohibition with the this Court. On June 3, 2010, Appellants filed an "Application to Assume Original Jurisdiction and for Writ or (sic) Prohibition." This was later recast as an appeal by order of this Court.

¶6 Appellants filed a petition in error on November 24, 2010, appealing the "April 13, 2010, order denying Motion to Vacate Summary Judgment entered in Appellee's favor on June 15, 2009."[3] This Court then ordered Appellants to file a second amended petition in error because Appellants wrongly designated the appeal as an accelerated appeal under Rule 1.36. In their second amended petition in error, the Appellants identified the order being appealed as the December 20, 2010, order reflecting the trial court's order of May 5, 2010.[4] On January 24, 2012, this Court again asked Appellants to file a supplemental petition in error to include a proper memorialization of the court minute posted on April 13, 2010, concerning the hearing on Appellants' petition and motion to vacate. On February 22, 2012, Appellants filed a supplemental petition in error wherein they state the orders they are appealing are the December 21, 2010, order which reflects the trial court's May 5, 2010, order, and the February 21, 2012, order finally memorializing the trial court's order to deny Appellants' motion to vacate final journal entry of judgment.[5]

## STANDARD OF REVIEW

■■■ ¶7 The standard of review for a trial court's ruling either vacating or refusing

---

**2.** Appellee states in its answer brief that the original note with an indorsement was not admitted into evidence at the motion to vacate hearing nor originally in the record. However, the transcript reflects it was offered as evidence to the trial court at the April 13, 2010, motion to vacate hearing. Appellee asked for leave of this Court to amend the record and include the original note. We granted that request on February 28, 2012.

**3.** The Final Journal Entry of Judgment was actually made on June 12, 2009, and filed June 16, 2009.

**4.** The May 5, 2010, Order denied Appellants' motion for order suspending execution proceedings and granted Appellants leave to file writ of prohibition. It did not concern the petition and motion to vacate.

**5.** Appellee filed a Motion to Strike Supplemental *Ex Parte* Order challenging the memorialized April 13, 2010, order filed February 21, 2012. The motion alleges Appellee and Appellants agreed on the memorialized order but Appel-

lants' counsel did not notify Appellee's counsel when he was going to get the order signed and the order signed was not the same as the agreed order. The order was not signed by the trial court judge, Daman Cantrell, but instead was signed by Judge Dana Kuehn. The order included hand written language **according to counsel for appellant,** allegedly made by J. Kuehn. The language states "[t]he Court finds that Defendant did not respond to summary judgment and under *Spirgis v. Circle K Stores*, 743 P.2d 682 (Okla. App.1987) the request is granted." In Appellants' response, their counsel explains J. Kuehn "made a minor alteration for *whatever reason,* waived the signature of Mr. Schwabe, and signed the Order." We deny appellee's motion to strike; however, because of the circumstances we will ignore the hand written language in the memorialized order. At the motion to vacate hearing and according to the transcript of that hearing, the *Spirgis* case was never mentioned. It is curious why J. Kuehn who was not the judge at the hearing would feel compelled for *whatever reason* to make a handwritten reference to *Spirgis* on an otherwise agreed-to order. However, this is not to say the *Spirgis* case is irrelevant to the present one.

to vacate a judgment is abuse of discretion. *Ferguson Enterprises, Inc. v. Webb Enterprises, Inc.,* 2000 OK 78, ¶ 5, 13 P.3d 480, 482; *Hassell v. Texaco, Inc.,* 1962 OK 136, 372 P.2d 233. A clear abuse-of-discretion standard includes appellate review of both fact and law issues. *Christian v. Gray,* 2003 OK 10, ¶ 43, 65 P.3d 591, 608. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling. *Fent v. Oklahoma Natural Gas Co.,* 2001 OK 35, ¶ 12, 27 P.3d 477, 481. The dispositive issue presented to this Court is standing. This Court has previously held:

> Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

*Matter of the Estate of Doan,* 1986 OK 15, ¶ 7, 727 P.2d 574, 576. In *Hendrick v. Walters,* 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234, this Court also held:

> Respondent challenges Petitioner's *standing* to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board,* 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent,* this Court found:

> Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact-*i.e.,* suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board,* 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be determined as of the commencement of suit; . . ." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142, 119 L.Ed.2d 351 (1992).

## ANALYSIS

¶ 8 The Appellants challenged Appellee's standing in its petition and motion to vacate. Because standing may be challenged at any stage of the judicial process it was proper to bring up the issue in Appellants' petition and motion to vacate. Appellee cites *Kordis v. Kordis,* 2001 OK 99, ¶ 6, 37 P.3d 866, 869, for the standard of review on a motion to vacate. *Kordis* held "[t]he reviewing court does not look to the original judgment but rather the correctness of the trial court's response to the motion to vacate" and "[a]s a result, we apply the abuse of discretion standard." *Kordis* was not a case challenging standing. The issue of standing was presented in the motion to vacate and at the hearing on such motion. Standing may be brought up at any time in the judicial procedure and an abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law. From the record, there was no proof Appellee was the holder of the note at the time of commencement of the suit. Standing was not established by the materials attached to Appellee's petition or motion for summary judgment because there was no attached indorsed note nor was there an assignment of the note. Therefore, we find the trial court based its decision on an erroneous conclusion of law. There existed a substantial issue of material fact that needed to be addressed at trial. Even though the Appellants did not respond to the motion for

summary judgment, the trial court should have denied the motion sua sponte.[6]

¶9 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 159 P.2d 717.[7] Article III of the Uniform Commercial Code (hereinafter "U.C.C.") governs negotiable instruments and is codified in the Oklahoma Statutes.[8] Because the note is a negotiable instrument, it is subject to the requirements of the UCC.[9] Thus, a foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title." 12A O.S.2001 § 3–301. The Appellee has the burden of showing it is entitled to enforce the instrument. *See, Reserve Loan Life Ins. Co. v. Simmons*, 1928 OK 669, ¶9, 282 P. 279, 281. Unless the Appellee was able to enforce the note *at the time the suit was commenced*, it cannot maintain its foreclosure action against the Appellants.

¶10 To demonstrate you are the "holder" of the note under the UCC you must prove you are in possession of the note and the note is either "payable to bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement).[10] Therefore, both possession of the note and an indorsement on the note or attached allonge [11] are required in order for one to be a "holder" of the note. The record in this case reflects the note attached to the petition had not been indorsed. Therefore, there is no evidence, at the time the petition was filed that the Appellee was the holder of the note.

¶11 Appellee also argues it was a holder because of the assignment of mortgage. Appellee cites to *Everhome Mortg. Co. v. Robey*, 2006 OK CIV APP 64, 136 P.3d 1066. In *Everhome* the mortgage company (Everhome) was assigned the note and mortgage through a series of mesne conveyances. Everhome stated it could not determine the custodian in actual physical possession of the original note and the defendants challenged standing on this basis. The trial court granted summary judgment in favor of Everhome and the Oklahoma Court of Civil Appeals (COCA) affirmed. COCA found the assignment of the note and mortgage to Everhome was undisputed. It held, because of the filing of the assignment, Everhome had constructive possession of the note and was entitled to enforce it. Appellee argues, in the present case, it has constructive possession of the note and is entitled to enforce. However, the facts in the present case are different. The assignment of mortgage to Appellee does not also purport to assign the note. It only assigns the mortgage. An assignment of the mortgage is not an assignment of the note. In Oklahoma, "[p]roof of ownership of the note carried with it ownership of the mortgage security." *Engle v. Federal*

---

**6.** See *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682, Approved for Publication by this Court.

**7.** This opinion occurred prior to the enactment of the UCC. It is, however, possible for the owner of the note not to be the person entitled to enforce the note if the owner is not in possession of the note. (See the *REPORT OF THE PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)*).

**8.** 12A O.S. §§ 1–101–11–107.

**9.** 12A O.S.2001, § 3–104.

**10.** 12A O.S.2001, §§ 1–201(b)(21), 3–204 and 3–205.

**11.** According to Black's Law Dictionary (9th ed. 2009) an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, § 3–204(a). It should be noted that under 12A O.S.2001, § 3–204(a) and its comments in paragraph 2, it is no longer necessary that an instrument be so covered with previous indorsements that additional space is required before an allonge may be used. An allonge, however, must still be affixed to the instrument.

*Nat. Mortg. Ass'n,* 1956 OK 176, ¶ 7, 300 P.2d 997, 999. The opposite is not true. Therefore, *Everhome* is not persuasive to the disposition of the present case.

[12–18] ¶ 12 The first presentation of an indorsed note was at the hearing on the petition and motion to vacate. Appellee's counsel also indicated an indorsement could be made at any time. Standing must occur prior to the petition being filed. A promissory note is a negotiable instrument and a negotiable instrument is a contract.[12] "Contracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract or those in privity with it ..."[13] "Privity of contract is an essential element of a cause of action on a contract, or an action based on a contractual theory. As a general rule only the parties and privies to a contract may enforce it."[14] "[O]ne of the reasons for the rule that privity of contract is necessary to an action founded on a breach of contract is that otherwise a man's responsibility for not carrying out his agreement with another would have no limit; there would be no bounds to actions if the ill effect of the failure of a man to perform his agreement could be followed down the chain of results to the final effect."[15] The rights and obligations of the parties are established within the four corners of the contract, which is the promissory note. Plaintiff's authority to enforce the obligations and responsibilities established in the original promissory note need be determined prior to the request for relief by reason of the alleged breach of the obligation. Absent standing, a party's claim is not justiciable, and the courts will not inquire into the merits of the claim. *West v. Justice,* 2008 OK CIV APP 49, ¶ 9, 185 P.3d 412, 414. Standing may be raised at any stage of the proceeding, and when raised, the party invoking the court's jurisdiction has the burden of establishing his or her standing. *Id.* at ¶ 10 Because there was a substantial issue of material fact concerning standing that should have been addressed, the court, sua sponte, should not have granted summary judgment and should have vacated its judgment upon the standing issue for further determination.[16]

¶ 13 Appellee also asserts the trial court could have denied Appellants' petition and motion to vacate because a summons was neither issued nor served on Appellee. Appellants alleged the grounds for their petition and motion to vacate were irregularity and fraud.[17] Only the fraud allegation (paragraph 4) requires a petition and summons if the motion to vacate occurs more than thirty (30) days from the date of the order to be vacated.[18] Therefore, at least the issue of "irregularity in obtaining a judgment or or-

---

12. 12A O.S.2001, § 3–104; *See also:* FRED H. MILLER & ALVIN C. HARRELL, THE LAW OF MODERN PAYMENT SYSTEMS AND NOTES § 1.03 (practitioner's ed. 2002) ("A negotiable instrument is a contract. The contractual nature of a negotiable instrument is evident in the case of a promissory note, where there is an express promise to pay. But it is also true of drafts, where the promise to pay is implied ... Article 3 thus constitutes a special body of legal rules governing the particular kinds of contracts called negotiable instruments.").

13. *Drummond v. Johnson,* 1982 OK 37, ¶ 25, 643 P.2d 634, 639.

14. 17B C.J.S. Contracts § 836

15. *Okmulgee Coal Co. v. Hinton et al.,* 1923 OK 188, ¶ 9, 218 P. 319, 320.

16. See *Spirgis v. Circle K Stores,* 1987 OK CIV APP 45, 743 P.2d 682, Approved for Publication by this Court. Also see, *BAC Home Loans Servicing L.P. v. White,* 2011 OK CIV APP 35, 256 P.3d 1014, Approved for Publication by this Court, March 16, 2011.

17. 12 O.S.2001, §·1031: "The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter: ... 3. For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order; 4. For fraud, practiced by the successful party, in obtaining a judgment or order; ..."

18. 12 O.S.2001, § 1033: "If more than thirty (30) days after a judgment, decree, or appealable order has been filed, proceedings to vacate or modify the judgment, decree, or appealable order, on the grounds mentioned in paragraphs 2, 4, 5, 6, 7, 8 and 9 of section 1031 of this title, shall be by petition, verified by affidavit, setting forth the judgment, decree, or appealable order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On this petition, a summons shall issue and be served as in the commencement of a civil action."

der" would not have required a petition and summons. Further, Rule 19 of the District Court Rules provides:

> a. In any proceeding to vacate, modify or reopen a final judgment that is commenced more than thirty days after its rendition, (1) proceeding by motion instead of by petition or by petition instead of by motion, or (2) failure to verify the petition, or (3) incorrect service of process or the required notice is waived if the opposing party appears in the proceeding but does not *immediately object* thereto; and such defects are waived by any party in default who had actual notice of the proceeding. (emphasis added)

¶ 14 Appellee did not object to proper service in its answer to the petition and motion to vacate. Further, Appellee appeared at the proceeding. Therefore, we find the issue, if any, of proper service was waived and would not have been grounds for a denial.

¶ 15 Appellants further assert Appellee could not be the holder of the note and mortgage because another party was listed as the creditor in Appellants' bankruptcy filings, and Appellee did not make a claim in the bankruptcy.[19] Appellants claim Appellee did not file a claim because it knew at the time of the bankruptcy it was not the holder of the note and mortgage. Appellee rebuts this argument by saying Appellants are the ones who filled out the schedules and no other creditor filed a claim on the property. Appellee states it only acknowledged Appellants' bankruptcy filings to show Appellee intended to surrender the property and it does not assert Appellants' filings are correct. Although, we find no merit in Appellants argument, because of its own bankruptcy filings, it demonstrates Appellee is not the holder of the note, Appellee still has not proven it was the holder of the note at the commencement of the case.

¶ 16 As previously stated, the dispositive issue is whether or not Appellee has standing. Appellants' argument is based on the failure of Appellee to establish it was a person entitled to enforce the note at the *commencement of the action.* Appellee must demonstrate it became a "person entitled to enforce" *prior* to the filing of the foreclosure proceeding. We find there is no evidence in the record establishing Appellee had standing when commencing this foreclosure action. The trial court's granting of a summary judgment in favor of Appellee was based on an erroneous conclusion of law that the Appellee had standing, at the time of the commencement of the action, when the admissible evidence demonstrated standing may have been obtained after commencement of the proceeding. Therefore, we find the trial court abused its discretion by denying Appellants' motion to vacate. The order denying petition and motion to vacate should be reversed and remanded back for further proceedings to determine whether Appellee is a person entitled to enforce the note consistent with this opinion.

## CONCLUSION

¶ 17 It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so the defendant is duly apprised of the rights of the plaintiff. A defendant needs to be assured it is being sued by the person who can rightfully enforce the note. Otherwise, it potentially opens the defendant to multiple actions on a single note. Filing a foreclosure suit without being a person entitled to enforce the note is putting the cart before the horse. If a plaintiff claims it is the holder of the note and obtains an indorsement after the suit is filed, then it should initiate the procedure for curing this defect.[20] The law does not have to

19. *American Home Mortgage Svci,* not Appellee, is listed as the creditor in Appellants' bankruptcy Schedule D and in its Statement of Intention to surrender the property. These documents were attached to Appellee's answer to Appellants' petition and motion to vacate.

20. See our recent decision in *HSBC Bank USA v. Lyon,* 2012 OK 10, ¶ 7, 276 P.3d 1002; "The trial court's actions have cured any deficiencies. The dismissal of the original action and the first Motion for Summary Judgment filed therein, and requiring the refiling of the second amended petition with the attached note demonstrating a proper indorsement, effectively cured any lack of

comply with the business practices of the plaintiff, the business practices of the plaintiff must comply with the law whether or not it is inconvenient. In the present case, it was evident the plaintiff had no difficulty presenting an indorsed note later in the proceedings. If there is no indorsement on a note, and a plaintiff is claiming it is a nonholder in possession who has the rights of a holder, then the plaintiff should have documentation establishing that the purpose of the transfer of the note was to give the plaintiff the right to enforce the note. An assignment of mortgage without an assignment of the note is not proof of the purpose for the alleged transfer of the note. A party must demonstrate it is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S.2001, § 3–309 or 12A O.S.2001, § 3–418. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, today's decision to reverse the denial of the petition and motion to vacate cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency. This Court's decision in no way releases or exonerates the debt owed by the defendants on this home. See, *U.S. Bank National Association v. Kimball*, 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); and *Indymac Bank, F.S.B. v. Yano–Horoski*, 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**

¶ 18 CONCUR: TAYLOR, C.J., WATT, EDMONDSON, REIF, COMBS, JJ.

¶ 19 DISSENT: WINCHESTER (JOINS GURICH, J.), GURICH (BY SEPARATE WRITING), JJ.

standing in the initial filing. Thus, by the filing of the second amended petition with a properly indorsed note and a properly assigned mortgage attached thereto, HSBC has shown it was a person entitled to enforce the instrument as the holder of the note. 12A O.S.2001 § 3–301."

¶ 20 NOT PARTICIPATING: KAUGER, J.

¶ 21 RECUSED: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins dissenting:

¶ 1 The majority reverses solely on the issue of standing, finding that "standing was not established by the materials attached to Appellee's petition or motion for summary judgment because there was no attached indorsed note nor was there an assignment of the note." Majority Op. ¶ 8.

¶ 2 The majority continues to fashion new requirements in mortgage foreclosure cases, this time, by requiring Plaintiff to have separate documentation at the time of filing that establishes that the transfer of the note included the Plaintiff's right to enforce the note. The majority finds that an assignment of the mortgage without an assignment of the note is not proof of the purpose for the alleged transfer of the note. I disagree.

¶ 3 The Restatement Third of Property on Mortgages states: "When ownership of a mortgage is assigned to another . . . the obligation secured by the mortgage is likewise transferred unless the parties agree that the obligation be retained by the transferor. In effect, the obligation will follow the mortgage even if not expressly mentioned in any document of transfer." Restatement (Third) of Property: Mortgages § 5.4 cmt. c. Additionally, under the Uniform Commercial Code ("U.C.C.") when a transferee seeks to enforce an unindorsed instrument, it must account for "possession of the unindorsed instrument *by proving the transaction through which the transferee acquired it. Proof of a transfer to the transferee by a holder is proof that the transferee has acquired the rights of a holder.*" U.C.C. § 3–203 cmt. 2 (emphasis added).

¶ 4 In this case, the Plaintiff attached to its Petition a copy of the note, the mortgage, and an assignment of the mortgage.[1] Plain-

1. Unless a party challenges the authenticity of an original document, pursuant to 12 O.S. § 3003 and 12A O.S. § 3–308(a), a copy is admissible.

tiff alleged in its Petition that it became the present holder of the note and mortgage "having received due assignment through mesne assignments of record, said assignment recorded in the office of the County Clerk ... in Document # 2008024539." [2] The assignment of the mortgage was proof of the purpose of the transfer of the note. There is no indication in the assignment of the mortgage that the parties intended anything other than to transfer both the mortgage and the note. As such, the note followed the mortgage even if the assignment of the note was not expressly mentioned in the assignment of the mortgage. The assignment of the mortgage was proof of the transaction through which the Plaintiff acquired the rights of the holder, entitling Plaintiff to enforce the note.

¶ 5 The majority criticizes the trial court for sustaining the Plaintiff's motion for summary judgment even though the motion was supported by evidentiary materials and the Defendants failed to respond.[3] Plaintiff's status as holder of the instrument, which likewise entitled it to enforce the note, was further bolstered by the presentation of an indorsed-in-blank allonge at the hearing on the Defendants' motion to vacate. The Plaintiff now has to go back to the trial court to establish the same uncontroverted facts.

¶ 6 The majority, in today's case and in other recently decided foreclosure cases, created procedural requirements that are not applied in any other civil actions and are inconsistent with requirements found in established statutory and case law. Similarly, the majority reinterpreted the Oklahoma version of the U.C.C. to require more stringent requirements for enforcement of a negotiable instrument than were previously required. The Majority continues to use these new substantive and procedural requirements to vacate judgments entered by trial judges who applied the existing law to the facts presented and were correct in most, if

not all, of the cases. Therefore, I respectfully dissent.

---

**2.** Plaintiff's counsel, by signing the Amended Petition, averred that Plaintiff had evidentiary support for these factual contentions. *See* 12 O.S. 2012 § 2011(B).

**3.** *See* Rule 13, *Rules for District Courts of Oklahoma,* 12 O.S. Ch. 2, App.