Dick CAHILL et al., Plaintiffs in Error,

v.

Estella Mae KILGORE, Defendant in Error.

No. 38730.

Supreme Court of Oklahoma.

March 29, 1960.

 

Arthurs, Blackstock & McMillan, Bristow, and T. R. Benedum, Norman, for plaintiffs in error.

W. L. Cheatham, Bristow, for defendant in error.

BERRY, Justice.

We will refer herein to plaintiff in error, M. M. Cahill, administratrix of the estate of Dick Cahill, deceased, as defendant and the defendant in error, Estella Mae Kilgore, will be referred to as plaintiff. All other parties will be referred to by name.

In her petition, plaintiff pleaded three causes of action. The first cause of action was for a personal judgment against M. M. Cahill in her individual capacity and as administratrix of the estate of Dick Cahill, on a promissory note allegedly executed and delivered by Dick Cahill and M. M. Cahill, who were husband and wife, to plaintiff and her husband, Robert Kilgore, for a valuable consideration. Robert Kilgore died prior to institution of the instant case. The second cause of action was to foreclose a mortgage covering real estate which was allegedly given by the Cahills to secure the note. The real estate was not the homestead of the Cahills. The third cause of action was for the appointment of a receiver to take charge of the property covered by the mortgage. No action was taken on the last-mentioned cause of action. A copy of the note and mortgage sued upon was attached to the petition. While Dick Cahill was named as a defendant, it was stated in the petition that he was dead; that M. M. Cahill had been appointed administratrix of his estate and no relief was sought or granted as to Dick Cahill. Dick Cahill will therefore not be considered as a party to this appeal nor will M. M. Cahill, in her individual capacity, for reasons hereafter given, be considered as a party to this appeal.

M. M. Cahill, in her individual capacity and as administratrix, filed a demurrer to the petition which was overruled.

M. M. Cahill, in her individual capacity and as administratrix, filed an answer in which she alleged in substance that she denied the allegations of the petition; that she denied that she executed either the note or mortgage sued upon; that she could "neither admit or deny because of insufficient knowledge or information" whether or not Dick Cahill executed the note and mortgage; that during their lifetime, Robert Kilgore and Dick Cahill were associated as partners in the ownership of real estate, and upon dissolution of the partnership, an accounting was had under which Dick Cahill's liability on the note was discharged; that her name was forged to the note and mortgage and for said reason the note and mortgage were a nullity and void as to Dick Cahill and her. The answer was verified.

Plaintiff filed a motion to make the 3rd, 4th and 5th paragraphs of the answer more definite and certain. A demurrer to said paragraphs was included in said motion. The motion and demurrer were sustained. Permission to amend the answer was not requested and the referred-to paragraphs were stricken.

Plaintiff filed an unverified reply to defendant's answer.

The trial court found and held that M. M. Cahill did not execute either the note or mortgage in controversy, but that Dick Cahill did, for a valuable consideration, execute both the note and mortgage; that the principal sum of $2,802.62 remained unpaid on the note and was due and owing at time the action was instituted, together with interest; that plaintiff was entitled to personal judgment against defendant in her representative capacity in said principal sum, together with interest and an attorney fee in the amount provided in the note. It was ordered that if said judgment was not paid within a given time the property covered by the mortgage be sold to satisfy the indebtedness. From order denying defendant's motion for new trial, this appeal was perfected.

Defendant bases her contention of error on the trial court's part in rendering judgment in plaintiff's favor on the following proposition: That (1) a claim based upon the indebtedness sued upon was not filed with defendant as the administratrix of the estate of Dick Cahill; that (2) there was only $500 due on the note at the time the action was filed and that there was no acceleration clause in the mortgage; that (3) the trial court erred in sustaining plaintiff's motion to strike and demurrer directed to the 3rd, 4th and 5th paragraphs of her answer in which she alleged in substance that Robert Kilgore and Dick Cahill were partners and that in dissolving the partnership all accounts between the parties were adjusted and settled and that recovery as to each maker of the note and mortgage was barred under 48 O.S.1951 § 43 because M. M. Cahill's signature was forged to the note and mortgage; that (4) plaintiff did not prove her ownership of the note; and that (5) since M. M. Cahill's name was forged to the note, recovery thereon cannot be had against either Dick Cahill's estate or M. M. Cahill. We will dispose of defendant's contentions in the order that same are above stated.

In the statute (58 O.S.1951 § 333) providing the time within which claims based upon contracts shall be presented to the personal representative of an estate, and if not timely presented same are barred, an exception is noted. This exception reads as follows:

"* * * Provided, Further, that nothing in this section, nor in this Chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this code."

■ Under the above quoted exception, plaintiff clearly had the right to foreclose the mortgage in controversy without first

presenting to defendant in her representative capacity a claim based upon the note securing the mortgage or the mortgage. In her brief plaintiff makes this statement and concession: "There is no question here about a deficiency judgment in this case. It could only arise if presented to the County Court after the foreclosure. Under the above proviso we had the right to proceed by foreclosure without presenting claim to administrator. We waived that right and chose to rely on our mortgage." In view of the fact that an action to foreclose a mortgage may be maintained without seeking a personal judgment (Irwin v. Sands, Okl., 265 P.2d 1097) and in view of the further fact that plaintiff is not here asserting the right to recover a deficiency from Dick Cahill's estate, we are of the opinion that defendant's first contention is not well taken.

■ In making her second contention to the effect that only $500 was due on the note when the action was filed and that there wasn't an acceleration clause in the mortgage, defendant overlooked the following quoted provision of the mortgage:

" 'It is further expressly agreed, by and between the parties hereto, that if any default be made in the payment of the principal sum of this mortgage, or any interest installment * * * or in case of the breach of any covenant herein contained, the whole of said principal sum, with interest, shall be due and payable * * *' "

It was provided in the note that the note was "Payable $500.00 and interest on October 30th, 1955 and $500.00 and interest on the 30th day of October each year until paid." Under the quoted acceleration clause the principal amount due under the note, together with accrued interest, became due and payable upon failure to pay either principal or interest within the time provided in the note. That there was such a failure stands admitted.

As to defendant's third contention based upon the alleged error of the court in sustaining plaintiff's motion to make more definite and certain and demurrer, which were directed to the 3rd, 4th and 5th paragraphs of defendant's answer, the court in its order disposing of said motion and demurrer stated this:

"Coming on further to be heard on the plaintiffs motion to make the defendants answer more definite and certain, the Court being advised doth sustain said motion, and no one appearing for the defendants, the demurrer of the plaintiff to the Third, Fourth and Fifth paragraphs of defendants Answer is hereby sustained and no leave to amend being requested, said paragraphs are stricken from the Answer."

This will be found at p. 784, § 1687(4), 5A C.J.S. Appeal and Error:

"The fact that a demurrer is sustained and the case dismissed without leave to amend does not constitute reversible error in the absence of a request or application by plaintiff for permission to amend, * * *"

■ In view of the fact that defendant did not elect to amend her answer, she is not in a position to complain of the trial court's action in the foregoing particulars. Moreover, evidence was introduced without objection bearing upon defendant's defense which is based on Sec. 43, supra, and defendant wholly failed to prove or offer to prove that the obligation created by the note had in fact been discharged.

■ We next consider defendant's fourth contention to the effect that plaintiff did not prove her alleged ownership of the note or mortgage. The note was made payable to "Robert Kilgore, and or Estella Kilgore." The mortgagees named in the mortgage were "Robert Kilgore and or Estella Kilgore." It was proved that Robert Kilgore was dead. The note and mortgage were in plaintiff's possession and same were introduced in evidence without objection on defendant's part. Defendant introduced no evidence on the issue of ownership. As between the holder and maker of a negotiable instrument, posses-

sion thereof is prima facie evidence of ownership by the holder. 11 C.J.S. Bills and Notes § 660, p. 95. We are of the opinion that under the facts of this case, plaintiff must be presumed to have owned the note and mortgage.

In support of defendant's fifth and remaining contention to the effect that the matter of M. M. Cahill's name being forged to the note and instrument served to void the note and mortgage as to Dick Cahill, she cites and relies upon 48 O.S.1951 § 43, supra, which statute reads as follows:

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

On the foregoing issue the trial court had this to say:

"'* * * I don't think the plaintiff is the one that forged the note. If you want me to tell you who I think did it I will tell you. I think the signatures of Dick and M. M. Cahill there are both the signatures of Dick Cahill. He was the owner of the property and there isn't anything in this record to indicate that the plaintiff didn't accept the note and the husband didn't accept the note in good faith or that he had anything to do at all with what would have been forgery of M. M. Cahill's name. I don't believe that statute would charge a person with anything he had no knowledge of.'"

The court did not, however, make a formal finding on the matter of who forged M. M. Cahill's name to the note and mortgage. There was no evidence that plaintiff or Robert Kilgore forged M. M. Cahill's name or had knowledge of the forgery. It was proved that Dick Cahill executed the note and mortgage.

In Davis v. Rothenberg, 124 Okl. 74, 254 P. 37, this Court held that where a husband forged his wife's name to a promissory note, the provisions of Sec. 43, supra, were inapplicable and did not bar recovery against the husband. In the body of the opinion it is stated that "Said statute (Sec. 43) is not applicable in behalf of Davis (the husband) who did sign the notes." It is not shown that Dick Cahill was prejudiced by his wife's forged signature. It is shown that he in fact paid the first installment provided for in the note.

We are of the opinion that under the facts of this case, the provisions of Sec. 43, supra, are inapplicable as to the estate of Dick Cahill, deceased.

Affirmed.