HSBC v. TUGGLE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HSBC v. TUGGLE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HSBC v. TUGGLE
2019 OK CIV APP 37
444 P.3d 501
Case Number: 116592
Decided: 06/03/2019
Mandate Issued: 07/03/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 37, 444 P.3d 501

 

HSBC, USA, NATIONAL ASSOCIATION, as Trustee for the Registered Holder of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Assets Backed Pass-Through Certificates, Plaintiff/Appellee,
v.
JACK TUGGLE and BRENDA TUGGLE, Defendants/Appellants,
and
JOHN DOE, as Occupant of the Premises and JANE DOE, as Occupant of the Premises, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DANA LYNN KUEHN, TRIAL JUDGE

AFFIRMED

John F. Heil, III, Dustin L. Perry, Carson K. Glass, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee

Michael W. McCoy, MCCOY LAW OFFICE, Broken Arrow, Oklahoma, for Defendants/Appellants

P. THOMAS THORNBRUGH, JUDGE:

¶1 Jack and Brenda Tuggle (the Tuggles) appeal the district court's denial of their motions to vacate and dismiss following summary judgment against them in a mortgage foreclosure case. On review, we affirm the decisions of the district court.

BACKGROUND

¶2 On January 14, 2016, Appellee HSBC, as trustee of the "Ace Securities Corp. Home Equity Loan Trust" (Trust), filed a petition for foreclosure alleging the Tuggles had defaulted on a mortgage. The petition included the required copy of a facially correct note demonstrating initial standing. The Tuggles responded, pro se, with what amounted to a general denial. Parts of the answer denied HSBC's standing because of a failure to follow "mandatory requirements of the applicable controlling federal regulations." The answer also denied the authenticity of the note; the proper endorsement of the note; and the claim of default. The answer was not verified. On September 3, 2016, HSBC moved for summary judgment. The summary judgment motion contained the required affidavits swearing to the authenticity of the note and the fact of default. The Tuggles did not reply to the summary judgment motion. On January 10, 2017, the district court granted summary judgment in favor of HSBC.

¶3 On February 9, 2017, the Tuggles, now represented, filed a "motion to vacate and to dismiss case," alleging that the six-year statute of limitations on collection after acceleration had run "on the face of the pleadings" because the note had first been declared in default and accelerated in 2010. HSBC responded, noting that a previous foreclosure based on the 2010 acceleration had been dismissed less than a year before the current foreclosure was filed, and hence it had a year to re-file pursuant to 12 O.S. § 100 before any statute of limitations became effective.

¶4 The Tuggles responded with an argument that HSBC was not entitled to use the savings clause because the previous foreclosure had been dismissed on the grounds that the Tuggles had reached an agreement with HSBC to become current on their mortgage payments and pay the cost of suit. Hence, the Tuggles argued, the suit had not "failed other than on the merits" and § 100 was not applicable. The district court was not convinced by this argument, and, on April 6, 2017, denied the motion to vacate and dismiss.

¶5 Undeterred, on August 29, 2017, the Tuggles filed a motion to "dismiss case for lack of standing," and a second motion to vacate. This motion argued (1) that the denial of HSBC's standing and the denial of the authenticity of the note pled in the Tuggles' answer created a jurisdictional question or question of fact that prevented summary judgment; and (2) a complex allegation that the judgment was obtained by fraud, because the foundational documents of the Trust prevent a mortgage and note "not transferred at the same time" being assigned to the Trust, and also imposed time limitations on the Trust accepting assets. The Tuggles argued that the Trust could not hold the note according to its rules of operation, and hence HSBC committed fraud on the court by stating that the Trust was the holder of the note. The trial court remained unconvinced, and denied this motion on December 4, 2017. The Tuggles now appeal.

STANDARD OF REVIEW

¶6 This matter originates in a summary judgment. Summary judgment is reviewed de novo. In this case, however, the journal entry of summary judgment was filed on January 10, 2017, and the Tuggles filed their first motion to vacate on February 9, 2017. Title 12 O.S. § 990.2 provides:

[W]hen a post-trial motion . . . to vacate . . . is filed within ten (10) days after the judgment, decree or final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk.

¶7 The Tuggles did not file their first motion to vacate within 10 days of the journal entry of summary judgment being filed, and the time to appeal the underlying summary judgment was not tolled. The Tuggles did not file an appeal in this Court until December 4, 2017, eleven months after the summary judgment. The summary judgment is now beyond review. The Tuggles' first motion to dismiss was denied on April 6, 2017. This decision is also now beyond review.

¶8 The only matter for review is, therefore, the Tuggles' second motion to vacate/dismiss alleging a lack of trial court jurisdiction and/or fraud in procuring the judgment. The standard of review for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. Ferguson Enterprises, Inc. v. Webb Enterprises, Inc., 2000 OK 78, ¶ 5, 13 P.3d 480; Hassell v. Texaco, Inc., 1962 OK 136, 372 P.2d 233. A clear-abuse-of-discretion standard includes appellate review of both fact and law issues. Christian v. Gray, 2003 OK 10, ¶ 43, 65 P.3d 591. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling. Fent v. Oklahoma Natural Gas Co., 2001 OK 35, ¶ 12, 27 P.3d 477. Issues of law such as jurisdictional allegations are therefore reviewed by a de novo standard as part of the abuse-of-discretion inquiry.

ANALYSIS

I. STANDING

¶9 The Tuggles' first argument revolves around a misapprehension of both the requirements announced in Wells Fargo Bank, N.A. v. Heath, 2012 OK 54, ¶ 9, 280 P.3d 328, and the burden on summary judgment. In 2012-2013, the Oklahoma Supreme Court issued several substantive opinions requiring an initial demonstration of the standing of a party to enforce a note and foreclose the associated mortgage. Those opinions held that, in order to demonstrate standing to sue for foreclosure, a plaintiff must have, and demonstrate, a prima facie right to enforce the subject note at the time of filing. Wells Fargo Bank notes:

To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing . . . Appellee has the burden of showing it is entitled to enforce the instrument . . . . Unless the Appellee was able to enforce the note at the time the suit was commenced, it cannot maintain its foreclosure action against the Appellants.

Id. (citation omitted).

¶10 The Supreme Court set a simple procedure to enforce these requirements by requiring that a copy of a suitably endorsed note facially demonstrating possession and a right to enforce (or some other paper demonstrating the rights of a holder) is attached to the petition. Possession of a note facially endorsed in blank, or endorsed to the possessor, is prima facie evidence of ownership and a right to enforce. Cahill v. Kilgore, 1960 OK 88, ¶ 15, 350 P.2d 928.

¶11 The effect of this series of rulings was to require a prima facie showing of a justiciable question before the case commences, a rule made in response to prior situations in which plaintiffs were suing to enforce notes that they did not currently possess, or which had not been endorsed or otherwise assigned to them at the time of suit. This initial showing does not establish a right to enforce as a matter of law, or settle questions as to the validity of the note or its endorsements. It merely establishes a prima facie showing of the right to enforce at the time of filing, and hence, the existence of a justiciable issue. See Deutsche Bank Nat. Tr. Co. v. Roesler, 2015 OK CIV APP 36, ¶ 15, 348 P.3d 707.

¶12 We emphasize this distinction because this Court continues to receive submissions arguing that, post Wells Fargo Bank, N.A. v. Heath, any and all questions regarding the validity or enforceability of a note and mortgage have become "standing" issues, and hence "jurisdictional" issues that can be raised for the first time post-judgment or on appeal. We repeat emphatically that attaching a copy of a facially enforceable note to a petition establishes a prima facie case for standing and satisfies the requirements of Wells Fargo. All further questions regarding the validity of any endorsement, and the legal right of the plaintiff to enforce the note, remain merits questions, not questions of "standing."[1]

¶13 The Tuggles next argue that, even if the petition demonstrated the initial standing required to make the case justiciable, the denials contained in their answer were sufficient to raise a merits issue on summary judgment regarding the right to enforce. "Prima facie evidence is such evidence as in the judgment of law is sufficient to establish a fact, and if not rebutted, remains sufficient to establish that fact." In re Estate of Hardaway, 1994 OK 30, ¶ 15, 872 P.2d 395 (emphasis added; citation omitted). A rebuttal of the prima facie case requires contrary evidence, and allegations and denials in unverified pleadings are not evidence. A party may not simply stand on the allegations or denials of its pleadings as evidence in a summary judgment proceeding. We find no error in the court's decisions that the Tuggles failed to present evidence sufficient to avoid summary judgment.

 

II. FRAUD

¶14 The Tuggles next argue that HSBC committed fraud during the proceedings, and this requires vacation of the summary judgment. The alleged "fraud" is a claim this Court analyzed in Roesler, 2015 OK CIV APP 36. As we noted in ¶ 25 of that opinion, the general situation is one in which "the defendant argues that the owner of the note is some form of specialized trust which, according to its trust agreement, can only accept assets during a limited period." "The defendant then argues that the note was not transferred to the trust within this time frame, and hence the trust has no right to hold or enforce according to its internal rules and structure." Id. In Roesler, the defendants characterized this claim as a "standing" issue by arguing that the trust cannot be the holder of the note because holding this asset is contrary to the trust agreement. In this case, the Tuggles resurrect this theory as a "fraud" issue by arguing that the Trust claimed to be the holder or owner of the note when holding this asset is contrary to the Trust agreement, and hence the Trust committed fraud.

¶15 We reach the same conclusion here that we reached in Roesler. Whether the Trust may suffer adverse regulatory or tax consequences, or even be subject to suit by its beneficiaries or owners for accepting a transfer outside of the stated period for accepting assets is not a claim the Tuggles have standing to raise. The note presented was endorsed in blank, and hence is enforceable by its possessor, the Trust, and its Trustee, HSBC, irrespective of whether the Trust's internal regulations may allow the note to be included in Trust assets for other purposes. The Tuggles were given an opportunity to dispute HSBC's right of enforcement in the summary judgment proceeding. They did not do so, and cannot revive this claim of disputed facts or disputed legal effect by characterizing it as fraud. We are properly wary of any attempt to allow collateral attacks on such a basis.[2]

 

CONCLUSION

 

¶16 We find no error in the decisions of the district court, and affirm its decisions.

¶17 AFFIRMED.

FISCHER, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] If a party may re-litigate questions of contractual rights after a judgment by arguing that the right to enforce any particular provision is a "standing issue" and hence a "jurisdictional issue" that may be raised at any time, the finality of judgments in this area would become largely illusionary.

[2] The Tuggles essentially argue that a party who does not answer a summary judgment motion may claim, months or years after the fact, that it could have presented contrary facts and the movant thereby committed fraud by characterizing the facts as undisputed. The finality of summary judgment would be seriously impaired if this type of attack is allowed.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2015 OK CIV APP 36, 348 P.3d 707, DEUTSCHE BANK NATIONAL TRUST COMPANY v. ROESLER
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed
 1994 OK 30, 872 P.2d 395, 65 OBJ 959, In the Matter of the Estate of Hardaway
Discussed
 2001 OK 35, 27 P.3d 477, 72 OBJ 1185, FENT v. OKLAHOMA NATURAL GAS, CO.
Discussed
 1960 OK 88, 350 P.2d 928, CAHILL v. KILGORE
Discussed
 1962 OK 136, 372 P.2d 233, HASSELL v. TEXACO, INC.
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed
 2012 OK 54, 280 P.3d 328, WELLS FARGO BANK, N.A. v. HEATH
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Cited
 12 O.S. 990.2, Post-Trial Motions - Matters Taken Under Advisement - Costs, Attorney Fees, and Interest
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA