LPP MORTGAGE LTD v. SHELTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:LPP MORTGAGE LTD v. SHELTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LPP MORTGAGE LTD v. SHELTON
2019 OK CIV APP 50
Case Number: 117400
Decided: 07/24/2019
Mandate Issued: 10/02/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 50, __ P.3d __

 
LPP MORTGAGE LTD., Plaintiff/Appellee,
v.
CARL D. SHELTON, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
MCCLAIN COUNTY, OKLAHOMA
HONORABLE LEAH EDWARDS, TRIAL JUDGE
AFFIRMED
Melvin R. McVay, Jr., Clayton D. Ketter, PHILLIPS MURRAH P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee
Sherry Doyle, SHERRY DOYLE, PLLC, Edmond, Oklahoma, for Defendant/Appellant
JANE P. WISEMAN, VICE-CHIEF JUDGE:
¶1 Carl D. Shelton appeals a trial court order denying his petition to vacate a summary judgment that was reinstated in favor of LPP Mortgage Ltd. on remand, in accordance with directions this Court issued in Case No. 114,938. The primary issue on appeal is whether the trial court abused its discretion in denying the petition to vacate. We conclude that the settled-law-of-the-case doctrine precludes Shelton from challenging the entry of summary judgment and therefore the trial court did not abuse its discretion in denying the petition to vacate.[1] We affirm the trial court's order.
FACTS AND PROCEDURAL BACKGROUND
¶2 The background facts were fully set out in our Opinion in Case No. 114,938. There we noted that New South Federal Savings Bank filed a petition for foreclosure of a mortgage on January 28, 2010, alleging Shelton (1) executed a promissory note on or about September 30, 2008, in which he agreed to pay Global Lending Group the sum of $192,448, plus interest, in monthly installments of $1,604.18, and (2) executed a real estate mortgage on property located at 3614 Stonebrook Drive, Norman, Oklahoma. New South claimed (1) the note was assigned by Global to New South which presently holds the note, (2) payments were due and have not been made on the account, and (3) the principal sum of $191,486.49 plus interest is now due.
¶3 We also noted that LPP asked the trial court in February 2010 to allow it to be substituted as plaintiff because it "is now the owner of the Mortgage at issue." In March 2010, the trial court granted LPP's application. In June 2014, LPP filed a motion to amend the petition (1) to allege that after the petition was filed, "LPP has determined that it cannot reasonably obtain possession of the original Note because its whereabouts are unknown," and (2) to attach a lost note affidavit. After the trial court granted LPP's motion, it filed an amended petition in September 2014 adding the allegation that the note had been lost but LPP is entitled to enforce the note pursuant to 12A O.S. § 3-301. LPP filed with its amended petition an affidavit of lost note from Kent Twitchell, who detailed the transfers of the note and the facts surrounding the note's loss. In his affidavit, he referred to and attached a copy of the original note with allonges from Global Lending to New South, from the FDIC as receiver for New South to Beal Bank, from Beal Bank to Property Acceptance Corp., and from Property Acceptance Corp. to LPP Mortgage Ltd.
¶4 LPP sought summary judgment on its claims against Shelton and in its favor on Shelton's counterclaims. A hearing on the motion was set for December 2, 2015, but Shelton failed to respond to the motion, request additional time, or appear at the hearing. The trial court granted judgment in favor of LPP on the promissory note, ordered the mortgage foreclosed, and granted LPP judgment on Shelton's counterclaims.
¶5 On January 4, 2016, Shelton filed a motion to vacate contending questions of material fact remained that precluded summary judgment and asserting the trial court should dismiss the case because LPP lacked standing and the court lacked jurisdiction. After the trial court granted Shelton's motion to vacate and overruled LPP's motion for summary judgment finding that "genuine issues of material fact exist," LPP appealed.
¶6 On October 24, 2017, in Case No. 114,938, we held LPP established its standing to enforce the note when it filed its amended petition. We concluded that LPP presented evidence in its motion for summary judgment that it was entitled to judgment as a matter of law on its claims, including evidence that as the holder of the note in question, it was entitled to enforce the note when it filed its petition. We noted Shelton failed to present any evidence to counter the claim of default and concluded Shelton failed to show sufficient cause to grant his motion to vacate. We held that LPP's summary judgment motion and supporting materials, undisputed by Shelton, established it was entitled as a matter of law to judgment on the note and to foreclosure of the securing mortgage. Shelton failed to counter that showing or to give sufficient cause for vacating the judgment. Although he argued there were questions of fact about whether LPP had standing, we determined that the record established LPP had standing.
¶7 We noted in that Opinion that there was no error in the trial court's entry of summary judgment, including granting judgment on the note and foreclosing the mortgage, where LPP established it was entitled to judgment as a matter of law. We concluded, "Vacating the judgment was an abuse of discretion when the original summary judgment was correct as a matter of law and Shelton failed to show sufficient cause to vacate that judgment." We reversed the trial court's decision and directed it to reinstate the summary judgment in favor of LPP.
¶8 On March 5, 2018, LPP filed an application with the trial court to reinstate the summary judgment in its favor. In its application, LPP maintained that after this Court issued its Opinion instructing the trial court to reinstate the summary judgment in LPP's favor, Shelton filed a petition for writ of certiorari, which the Supreme Court denied. The docket sheet indicates the Supreme Court denied the petition for certiorari on February 12, 2018.
¶9 On March 29, 2018, Shelton filed an "Opposition to [LPP's] motion to reinstate summary judgment" claiming that he met with his counsel on March 2, 2018, to review options regarding his home in light of the Supreme Court's denial of his petition for certiorari. Shelton alleged:
Mr. Shelton and Counsel called the mortgage servicer, MGC Mortgage to request a Request for Mortgage Assistance ("RMA") package. Mr. Shelton provided his name, social security number, address, and loan number to [] Courtney, the MGC customer representative. MGC was unable to locate any records related to that property. It then looked for the information in its "old loans" files, and again, found no record.
Shelton claimed that his counsel called the number for LPP listed on LPP's website and the phone was answered by MGC Mortgage. A second call was made that verified the phone was answered by MGC. Shelton asserted he sent a Request for Information (RFI) to LPP and to MGC and that LPP received the RFI sent by facsimile to LPP on March 2, 2018, and by certified mail on March 7, 2018, but LPP failed to respond. Shelton stated, "However, given that MGC represented that it is the master servicer for LPP Mortgage, it is logical to infer that the request sent to LPP was forwarded to MGC." Shelton alleged MGC, who received its RFI on March 9, 2018, responded on March 12, 2018, that it was "'unable to identify the loan in question.'" Shelton stated he opposed the reinstatement of the judgment in favor of LPP because it appears LPP in not entitled to judgment because it does not have records for the loan or note.
¶10 In response, LPP asserted the trial court is required to comply with this Court's mandate. It additionally asserted that this Court conclusively decided that LPP was the proper party in interest. It argued that 12 C.F.R. § 1024.36 applies to MGC as the servicer and not to LPP and that the response letter to Shelton's RFI, which indicated it was unable to identify the loan in question, was from Dovenmuehle Mortgage, not MGC. LPP claimed that Dovenmuehle Mortgage is a separate servicer not affiliated with MGC.
¶11 At the June 6, 2018, hearing on LPP's application to reinstate the summary judgment, the trial court granted the application and reinstated the journal entry of judgment filed on December 2, 2015.
¶12 Shelton filed a petition to vacate the June 6, 2018 judgment, arguing LPP "obtained a void judgment through fraud and fraud on the court." Shelton claimed there was newly discovered evidence that "Dovenmuehle is not an unaffiliated entity" but instead "maintains the mortgage accounts on behalf of MGC Mortgage" and was described by MGC as "'a trusted partner.'" Shelton asserted the judgment obtained by LPP is void.
¶13 In response, LPP asserted Shelton's request to vacate is barred pursuant to the settled-law-of-the-case doctrine. It also asserted no fraud occurred and claimed that Dovenmuehle is a completely separate company from MGC as MGC is a wholly-owned subsidiary of Beal Bank, and Dovenmuehle is not owned by Beal Bank. Even if MGC and Dovenmuehle are under common ownership, LPP claimed that has no effect on its standing to pursue this lawsuit or any of the issues previously resolved in Case No. 114,938
¶14 The trial court denied Shelton's petition to vacate based on the parties' briefs and the argument it heard from counsel. Shelton appeals the trial court's order.
STANDARD OF REVIEW
¶15 "The standard of review for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion." Wells Fargo Bank, N.A. v. Heath, 2012 OK 54, ¶ 7, 280 P.3d 328. "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling." Id.
ANALYSIS
¶16 Shelton asserts seven propositions of error. These propositions do not supplant the fact that we have already held that LPP had standing and instructed the trial court to reinstate the summary judgment in favor of LPP. Any further review of this decision ended with the Supreme Court's denial of certiorari. We conclude the settled-law-of-the-case doctrine governs this appeal, and we will therefore not address Shelton's propositions of error.
¶17 In Gay v. Hartford Underwriters Insurance Co., 1995 OK 97, ¶ 18, 904 P.2d 83, the Supreme Court instructed:
When an appellate court rules upon an issue, that ruling becomes the law-of-the-case and controls all subsequent proceedings in the action which will not be reversed on appeal. Only when the prior decision is found to be erroneous, and the Court is satisfied that failure to reverse will result in a gross or manifest injustice will the cause be overturned.
(Footnotes omitted.) We have clearly ruled that LPP had standing, that the trial court was correct in its decision to grant summary judgment, and that it erred in granting Shelton's motion to vacate the summary judgment. Nothing remained for the trial court to do on remand except enter summary judgment as we directed. The trial court was not required to take evidence, hold a hearing, or take any other action. After review, we conclude the trial court's decision was not erroneous nor an abuse of discretion.
¶18 Shelton acknowledges that the "settled-law-of-the-case" doctrine "bars relitigation of only those issues that have been settled by an appellate opinion." State ex rel. Pruitt v. Native Wholesale Supply, 2014 OK 49, ¶ 18, 338 P.3d 613. He bases his argument here on the only exception to this doctrine--it "does not apply where the prior decision was palpably erroneous and will result in gross injustice." Id. ¶ 19. We can see no basis for finding the prior decision to be "palpably erroneous"--we have reviewed it and agree with the Supreme Court that no grounds exist to depart from its holding. Nor do we see any "gross injustice" in adhering to its holding, despite Shelton's longstanding complaints about this case.
¶19 Shelton claims in this appeal, "There is no dispute LPP does not hold the note" and that the judgment against him "is clearly erroneous and will result in irreparable harm should it stand and a windfall for [LPP]." We disagree. This foreclosure action was originally filed on January 28, 2010. LPP alleged Shelton's default began in September 2009 and he has been living on the mortgaged property for nearly a decade while eschewing his obligation to make payments on the note. It is difficult to find any windfall to LPP in not vacating the judgment in light of Shelton's total circumvention of his payment obligations since 2009.
¶20 After the Supreme Court denied Shelton's petition for certiorari on February 12, 2018, Shelton claims he sought to avail himself of loss mitigation provisions provided by the federal Real Estate Procedures Act. He now says that the servicer, MGC, has no record of him, and therefore he "is barred from exercising his statutory right to seek a loan modification and turn the loan into a performing loan no longer in default." He claims that LPP has no right, title, or interest in the loan.
¶21 However, this Court had already determined that LPP was entitled to foreclosure. Any issue Shelton is having in seeking loss mitigation or in contacting the servicer does not change the fact that the previous appeal established as a matter of law based on undisputed material facts that LPP had standing and was entitled to judgment on the note and foreclosure of the mortgage. Shelton failed to establish how his attempt to avail himself of loss mitigation under federal law somehow displaces LPP's right to foreclose, when this Court has already determined LPP's right to do so. Shelton's claims are fixed on the servicer and his attempts to avail himself of programs under federal law, but these claims do not affect LPP's right to foreclose.
¶22 Although Shelton is now claiming that according to Dovenmuehle and MGC, there is no loan to modify, there is clearly a loan and Shelton does not deny he received the benefits of that loan. Title 16 O.S.2011 § 11 provides:
Any person or corporation, having knowingly received and accepted the benefits or any part thereof, of any conveyance, mortgage or contract relating to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves.
Based on § 11, Shelton cannot deny the validity of the note or mortgage when he accepted, and continues to accept, the benefits of both.
¶23 Although Shelton claims LPP made misrepresentations about the relationship between MGC and Dovenmuehle, he makes no claim of fraud regarding the existence of the note or mortgage--he instead complains only about the servicer's records.
¶24 And, although Shelton claims MGC repeatedly stated they had no record of Shelton or the mortgage, in response to Shelton's motion to vacate, LPP attached an April 27, 2018, letter from MGC to Shelton which stated that MGC received Shelton's March 2, 2018, RFI after it was forwarded to its offices. MGC noted Shelton's correspondence was not sent to the correct address. MGC states in the letter that it was enclosing a loan history, copies of the note and mortgages, including allonges and assignments, and a payoff statement and reinstatement quote. So evidence was presented on which the trial court could conclude that if any misrepresentation about the relationship between MGC and Dovenmuehle occurred, it had no effect when MGC ultimately provided Shelton with the information he sought about the note and mortgage.
¶25 Based on our review of the record, we conclude the trial court did exactly as we directed in Case No. 114,938 and did not abuse its discretion in denying Shelton's petition to vacate the summary judgment.
CONCLUSION
¶26 Finding no abuse of discretion by the trial court in refusing to vacate the judgment this Court unambiguously directed it to enter, we affirm the decision of the trial court.
¶27 AFFIRMED.
BARNES, P.J., and RAPP, J. concur.
FOOTNOTES
[1] LPP's motion to dismiss this appeal is denied. We also deny its motion for sanctions but note that this does not preclude LPP from requesting appellate attorney fees pursuant to Oklahoma Supreme Court Rule 1.14, 12 O.S. Supp. 2018, ch. 15, app. 1.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1995 OK 97, 904 P.2d 83, 66 OBJ 3052, Gay v. Hartford Underwriters Ins. Co.
Discussed
 2012 OK 54, 280 P.3d 328, WELLS FARGO BANK, N.A. v. HEATH
Discussed
 2014 OK 49, 338 P.3d 613, STATE ex rel. PRUITT v. NATIVE WHOLESALE SUPPLY
Discussed
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 11, Receiver of Benefits Estopped
Cited
Title 12A. Uniform Commercial Code
 Cite
Name
Level

 12A O.S. 3-301, Person Entitled to Enforce Instrument
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA